UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

February 23, 2009

Charles R. Virginia
Virginia & Ambinder, LLP
Trinitiy Centre
111 Broadway
14th Floor
New York, NY 10006
(*Attorney for Plaintiffs*)

    Re:   <u>Angelo et al. v. Gemelli Construction
              Civil Action No. 2:08-CV-00124 (WJM)</u>

Dear Counsel:

    Plaintiffs bring a motion for reconsideration of this Court's December 5, 2008 Order denying Plaintiffs' motion to enforce judgment against Defendant Gemelli Construction. The Court did not hold oral argument. Fed. R. Civ. P. 78. For the following reasons, Plaintiffs' motion for reconsideration is **DENIED**.

### BACKGROUND

    Plaintiffs commenced this action on January 14, 2008 in an attempt to recover underpaid contributions to a multiemployer plan under the Employee Retirement Income Security Act of 1974, 88 Stat. 829, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"). In May 2008, the parties entered into a Settlement Agreement, which obligated Gemelli to pay the total amount of $9,769.82. The Court dismissed the action on June 23, 2008, but did not retain jurisdiction in the Notice of Dismissal.

    Pursuant to the Settlement Agreement, Gemelli paid the first installment of $2,000.00 and the second installment of $1,299.47, but failed to make subsequent

payments. As a result of this delinquency, Plaintiffs brought a motion to enforce judgment on October 31, 2008. Plaintiffs sought to recover $7,796.82, or the initial settlement amount ($9,769.82) less payments made by Gemelli ($6,497.35) plus twenty percent as liquidated damages ($1,299.47). The Court denied this motion on two grounds: (1) the Court did not retain jurisdiction in its Notice of Dismissal; and (2) no independent basis for jurisdiction existed.

## DISCUSSION

Under Local Civil Rule 7.1(i), a motion for reconsideration may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. *Database Am., Inc. v. Bellsouth Adver. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such a motion "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Management LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

The Third Circuit strictly construes the Supreme Court's decision in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994); *see also* In re *Phar-Mor, Inc. Securities Litigation*, 172 F.3d 270, 274 (3d Cir. 1999). There, the Supreme Court held that the proper forum to enforce a settlement agreement is a state court, unless some independent basis for federal jurisdiction exists. *Kokkonen*, 511 U.S. at 382. A court can retain jurisdiction to enforce a settlement provision by a separate provision or by incorporating the terms of the settlement agreement into an order. *Id.* at 381. However, a court does not have jurisdiction over a settlement agreement just because that agreement settled a federal cause of action. *See Nelson v. Pennsylvania*, 125 Fed. Appx. 380, 382 (3d Cir. 2005).

Plaintiffs contend that an independent basis for jurisdiction exists in this case, namely federal question jurisdiction under ERISA. They ask the Court to reconsider its Order in light of the decision by the D.C. Circuit in *Board of Trustees of Hotel and Restaurant Employees Local 25 v. Madison Hotel*, 97 F.3d 1479 (D.C. Cir. 1996). In *Madison Hotel*, the court held that where parties enter into a settlement agreement to resolve an action for delinquent contributions to an ERISA plan, a subsequent suit to enforce the settlement agreement is not converted into a purely state-law governed contract action. *Id.* at 1485-86. Rather, the second suit is one that seeks enforcement of ERISA rights embodied in the settlement agreement and one over which the district court has independent federal subject matter jurisdiction. *Id.*

The D.C. Circuit premised this conclusion on language found within the relevant settlement agreement between three employee benefits funds (the "Funds") and Madison Hotel, as well as the district court's stipulation of dismissal. Under the settlement agreement, the Hotel agreed to submit to an audit and to provide access to records previously denied to the Funds. The Hotel would have to pay for any uncontested amounts within thirty days. *Id.* at 1481. In the event of a breach, "the Funds specifically retain[ed] and d[id] not waive their right to interest, liquidated damages, audit and attorneys' fees, costs or any other additional amounts to which they may be entitled." *Id.* The Funds reserved their right to "fil[e] suit to recover any delinquency revealed by the audit," after the issuance of a stipulation of dismissal. *Id.* The stipulation of dismissal explicitly referenced the settlement agreement. *Id.* at 1482.

Based on the above, the D.C. Circuit determined that enforcement of the settlement agreement required construction and application of certain ERISA provisions. Since the Hotel did not pay within thirty days or challenge the amount due under the audit, the Funds were entitled to "interest, liquidated damages, audit and attorneys' fees, costs or other additional amount," as described in the settlement agreement, under ERISA. *Id.* at 1485. Moreover, the district court executed the stipulation of dismissal "in accordance" with the settlement agreement. *Id.* Combined, these two factors implicated ERISA §§ 502(g)(2) and 515. *Id.* ERISA provides for exclusive federal jurisdiction to enforce its provisions, endowing the district court with federal jurisdiction to enforce ERISA rights embodied in the settlement agreement. *Id.* at 1485-86.

Outside of being non-precedential, the present matter differs from *Madison Hotel* both factually and procedurally. Factually, the present Settlement Agreement contains different language. The agreement states that:

> Plaintiffs retain the right to conduct a payroll audit of the books and records of Gemelli to verify the accuracy of the amounts owed. . . . Plaintiffs reserve the right to pursue recovery of said amounts notwithstanding this settlement and nothing set forth herein shall serve to extinguish or limit the rights otherwise possessed by, and available to Plaintiffs for recovering additional delinquent contributions discovered after consummation of this settlement.

Like *Madison Hotel*, Plaintiffs retained the right to recover any future delinquent amount revealed by an audit. However, Plaintiffs did not explicitly retain their rights to "attorneys' fees, costs or any other additional amount to which they may be entitled." Moreover, the Notice of Dismissal executed by this Court does not make any reference to the Settlement Agreement.

3

Procedurally, *Madison Hotel* and subsequent cases citing *Madison Hotel* involve separate actions brought by Funds to enforce settlement agreements. *See, e.g.*, *Murphy v. First Reliance Standard Life Ins. Co.*, Civ. No. 00-6647, 2008 WL 1787672 (E.D.N.Y. Apr. 17, 2008); *Shop Ironworkers Local 790 Pension Trust v. Cofab Steel Corp.*, Civ. No. 07-2500, 2007 WL 3342558 (N.D. Cal. Nov. 9, 2007); *Griswold v. Potter*, Civ. No. 03-429, 2003 WL 23941714 (W.D. Mich. Oct. 15, 2003). Here, Plaintiffs did not bring a separate cause of action.

At most, the language of the Settlement Agreement preserves Plaintiffs' right to recover "additional delinquent contributions discovered after the consummation of this settlement." These additional delinquent contributions would necessarily implicate ERISA § 515. However, Plaintiffs do not claim that they have discovered additional delinquencies. Instead, Plaintiffs ask the Court to enforce provisions under the Settlement Agreement for monies past due. Since a settlement agreement is a contract, Plaintiffs ask the Court to enforce a judgment for payment of monies due under a contract, adjusted by a contractual–not ERISA based–liquidated damages clause.

In light of the foregoing, enforcement will not implicate ERISA §§ 502(g)(2) and 515. As stated in the Order precipitating this action, there is no other basis for jurisdiction. The Court will not exercise ancillary jurisdiction over the instant dispute pursuant to *Kokkonen*.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' motion for reconsideration is **DENIED**. An appropriate Order accompanies this Letter Opinion.

s/William J. Martini  
**William J. Martini, U.S.D.J.**